MEMORANDUM *
Defendant-Appellant Jesus Salvador Carrillo-Lopez appeals from his jury conviction and sentencing for possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(l)(A)(ii)(II), and importation of that cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(l)(B)(ii). We affirm the conviction and sentence. Because the facts are known to the parties, we do not relate them in detail.
We review de novo “whether references to a defendant’s silence violate the Fifth Amendment privilege against self-incrimination,” United States v. Bushyhead, 270 F.3d 905, 911 (9th Cir.2001), and whether the prosecutor has shifted the burden of proof to the defendant, see United States v. Mares, 940 F.2d 455, 461 (9th Cir.1991).
Because Appellant was not in custody at the time he “deflated” and said “Okay, okay,” United States v. Hernandez, 322 F.3d 592, 597 (9th Cir.2002), no Fifth Amendment right had attached, United States v. Oplinger, 150 F.3d 1061, 1066-67 (9th Cir.1998). Therefore, the prosecutor’s references to Agent Mellon’s testimony did not violate Appellant’s Fifth Amendment rights. United States v. Beckman, 298 F.3d 788, 795 (9th Cir.2002). Furthermore, even had Carrillo-Lopez been in custody, his conduct and statements were not silence. See United States v. Velarde-Gomez, 269 F.3d 1023, 1031 (9th Cir.2001) (distinguishing between silence, as defined as a “lack of response” or “failure to speak,” and demeanor evidence, defined as “an act[] or a physical response.”).
Second, a prosecutor may comment on the weaknesses in a defendant’s case or defense counsel’s failure to present exculpatory evidence in closing arguments without shifting the burden of proof where those comments were not intended to draw attention to defendant’s decision not to testify and where the prosecution expressly stated that the burden of proof remains with the government. Mares, 940 F.2d at 461.
Finally, even if the authentication of the car registration was preserved by Appellant at trial, the admission of the registration was not erroneous because Appellant had himself given it to the border agent as proof of his ownership of that car. Fed. R.Evid. 901(a). We therefore affirm Appellant’s conviction and sentence.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.